DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATEF SALAMI NEMER HIRCHEDD,<br><br>Defendant. | 2:99-cr-309-KJD<br>(2:15-cv-2206-KJD-NJK)<br><br>Government's Motion to<br>Correct Docketing of Defendant's<br>Petition for a Writ of Error<br>*Coram Nobis* |

THE UNITED STATES, by and through DANIEL G. BOGDEN, United States Attorney, and ELIZABETH O. WHITE, Appellate Chief and Assistant United States Attorney, respectfully requests that this Court direct the Clerk's office to correct the docketing of the Defendant's petition for a writ of error *coram nobis* in the above-captioned case.

**Background**

In October 2000, Defendant was convicted on his guilty plea of conspiring to possess and pass counterfeit currency obligations of the United States in violation of 18 U.S.C. § 371. Defendant did not appeal, and his conviction therefore became final in November 2000.

More than 15 years later, Defendant filed a "petition for a writ of error *coram nobis.*" *See* 2:15-cv-2206-KJD-NJK, Doc. #1. The petition's caption correctly cited the defendant's criminal case docket number (CR-S-99-309-KJD [now 2:99-cr-309-KJD]). However, the filing of the petition prompted the creation of a new civil docket number. This may be because Defendant erroneously filed a petition as a new civil matter or, perhaps, by analogy to this Court's practice of assigning post-conviction 2255 motions a civil docket number for statistical and tracking purposes, the clerk's office mistakenly opened a civil docket number for Defendant's petition. In any event, Defendant's petition was *docketed* in the new civil case, rather than in Defendant's criminal case, and it appears the petition is erroneously being treated as a new civil matter (*e.g.*, the docket contains a "civil cover sheet" and a "summons" directing the government to respond).

**Points and Authorities**

Rule 60(b) of the Federal Rules of Civil Procedure expressly abolishes the writ of error *coram nobis* in civil proceedings. Notwithstanding that Rule, however, the Supreme Court has held that the writ may still be available in *criminal* proceedings, in very limited circumstances, under the All Writs Act, 28 U.S.C. § 1651(a). *See United States* v. *Morgan*, 346 U.S. 502, 511 (1954). The Supreme Court in *Morgan* explained

that a petition for a writ of error *coram nobis* "is a step in the criminal case and *not*, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *Id.* at 505 n.4 (emphasis added) (citing *Kurtz v. Moffitt*, 115 U.S. 487, 494 (1885)); *see also United States* v. *Denedo*, 556 U.S. 904, 913 (2009) (noting that the writ of error *coram nobis* "is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired").

It has been the practice in this Court that petitions for the ancient writs (*i.e.*, writs of error *coram nobis* and *audita querala*) are docketed in the defendant's criminal case.[1] Often, the docketing of the petition generates a "motion ripe" date; and if the Court, after reviewing the petition, determines that a response from the government is necessary, it orders one.[2] Because a petition for a writ of error *coram nobis* "is a step in the criminal case" and is "not… the beginning of a separate civil proceeding," *Morgan*, 346 U.S. 505 n.4, the government respectfully suggests that the civil docket was opened, and the civil summons was issued, in error.

---

[1] *See, e.g., United States* v. *Varona Martinez, et al.*, 2:99-cr-38-KJD-RJJ, Doc. #101; *United States* v. *Lyons*, 2:95-cr-286-PMP-RJJ, Doc. #227; *United States* v. *Ligon*, 3:04-cr-00185-HDM-RAM, Doc. #36; *United States* v. *Cottey*, 3:02-cr-116-HDM-RAM, Doc. # 46; *United States* v. *Balcar*, 2:96-cr-00046-KJD-PAL, Doc. # 149.

[2] *See, e.g., Lyons*, 2:95-cr-286, Doc. #228; *Varona Martinez, et al.*, 2:99-cr-38, Doc. #104.

## Conclusion

Based on the above, the government respectfully requests that Defendant's petition be docketed in Defendant's criminal case, 2:99-cr-309-KJD; that the summons in the civil case be vacated as issued in error; that the civil case, 2:15-cv-2206-KJD-NJK, be closed as opened in error.

Dated this 7th day of January 2016.

                                        DANIEL G. BOGDEN
                                        United States Attorney

                                        *s/ Elizabeth O. White*
                                        ELIZABETH O. WHITE
                                        Appellate Chief and
                                        Assistant United States Attorney

## Certificate of Service

I certify that on January 7, 2016, I electronically filed the foregoing Government's Motion to Correct Docketing of Defendant's Petition for a Writ of Error *Coram Nobis* with the Clerk of the Court by using the CM/ECF system. Service will be accomplished by the CM/ECF system. In addition, I certify that a copy of this motion will be served on defendant's counsel, via-first class, postage-paid mail on January 7, 2016, at the following address:

LAW OFFICES OF DON P. CHAIREZ
Don P. Chairez, Esq.
Nevada Bar No. 3495
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
*Counsel for Defendant Atef Nemer*

Dated: January 7, 2016

*s/ Elizabeth O. White*
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney