**LAW OFFICES OF DON P. CHAIREZ**
Don P. Chairez, Esq.
Nevada Bar No. 3495
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Telephone: (702) 509-4242
Facsimile: (702) 926-9700
**Attorney for Defendant Atef Nemer**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. |
| ) Plaintiff, ) | No.s-CR-S-99-0309-KJD |
| vs. ) | PETITION FOR A WRIT OF ERROR CORAM NOBIS |
| ATEF SALAMI NEMER HIRCHEDD, ) | |
| Defendant. ) | |

The Defendant, Atef Salami Nemer Hirchedd, by and through his attorney, DON P. CHAIREZ, submits the foregoing PETITION FOR A WRIT OF ERROR CORAM NOBIS and integrated Motion for an Order Withdrawing and Vacating his conviction. The Defendant was convicted by his guilty plea for CONSPIRACY TO POSSESS AND PASS COUNTERFEIT OBLIGATIONS OF THE UNITED STATES, a violation of 18 U.S.C. §371/472.

Petitioner Nemer alleges that prior to entering his guilty plea, he was given incorrect advice by his criminal lawyer about whether or not his criminal

conviction would have any impact upon his ability to continue to be able to obtain a visa to visit the United States. The criminal lawyer, was not aware that Nemer's crime would be classified by the United States State Department as a crime involving moral turpitude and would declare Nemer inadmissible to enter the United States. But for the incorrect advice by the criminal lawyer, Nemer would have not pled guilty and would have either taken his case to trial or to ask his lawyer to plead him guilty to a crime that did not involve moral turpitude and would not subject him to inadmissibility to the United States.

This Petition is made and based upon the pleadings and papers on file herein in the criminal case together with such other Exhibits or memoranda which may be considered by this Court at the time of the hearing of this matter.

Dated: November 20, 2015

By: *"s/Don P. Chairez"*
DON P. CHAIREZ

### I. MOTION PURSUANT TO 28 U.S.C. 1651 FOR A WRIT OF ERROR CORAM NOBIS TO VACATE AND SET ASIDE PETITIONER'S CRIMINAL CONVICTION

1. Petitioner, Atef Nemer, was convicted in the United States District Court for the District of Nevada.

2. Petitioner was convicted on October 24, 2000 of violating 18 U.S.C. 371, that is, Conspiracy to Possess and Pass Counterfeit Obligations of the United States.

3. The criminal case number was: CR-S-99-309-KJD-LRL

4. Nemer was sentenced to pay a fine of $10,000 and to pay an administrative assessment of $100. He was given credit for time served which was approximately

two days, and he was ordered to pay $3,400 in restitution to the Mirage Hotel and Casino with his two co-defendants.

5. Nemer is not presently confined and all other conditions of his sentence have been satisfied.

6. The Honorable Kent Dawson was the judge who accepted Nemer's plea and he was the Judge who imposed the sentence.

7. Nemer was charged by way of indictment in two counts. Count 1 involved a violation of 18 U.S.C. 371, that is, a Conspiracy to Possess and Pass Counterfeit Obligations of the United States. In Count 2, he is accused of violating 18 U.S.C. 982, that is Forfeiture.

8. Nemer pled guilty pursuant to the plea agreement.

9. Nemer pled guilty to Count 1 and Count 2 was to be dismissed. In the indictment, Nemer is accused of having $600 of counterfeit currency in his shirt pocket, and having $2,456 of legitimate currency on his person. He also possessed $12,700 in genuine currency and $2,450 in counterfeit currency in a wallet in his hotel room.

10. Because Nemer plead guilty, he did not testify.

11. Because Nemer pleaded guilty, he did not appeal the judgment of conviction.

12.   Nemer did not appeal, because his lawyer advised him that there was no grounds for an appeal.

13.   Nemer has not filed any appeal or any other motions in federal court to withdraw his plea of guilty.

## II. STATEMENT OF FACTS REGARDING INEFFECTIVE ASSISTANCE
### A. A Good Deal in Court, but a Bad Hand at the Embassy

14.    On July 26, 1999, Nemer was with a group of businessmen who were on a tour visiting Las Vegas.  They were discovered using counterfeit currency in slot machines at the Mirage Hotel and Casino.  There were two other businessmen who were with Nemer that day who were gambling.  Between the three of them, there was $3,400 of counterfeit currency.  Mirage Security seized off their person and from their hotel rooms over $25,000 of legitimate currency, which was kept by the Mirage Hotel and then given to the Government.

15.  They were arrested and detained for two days.  Nemer's family hired Kirk Kennedy to represent him, and the other two persons obtained their own lawyers.  Nemer was released after posting a bond of $32,000.  Nemer's family also paid Attorney Kirk Kennedy $25,000.

16.  It took over a year to complete their case, and Nemer voluntarily made several trips from Venezuela to Las Vegas.  Ultimately, Nemer pled guilty, to one count, and a second count was dismissed because the three co-defendants agreed to forfeit

the legitimate currency found on their person and in their room. Nemer was given a felony and probation, and ordered to serve two days in jail and to pay a fine of $10,000.

17. Prior to agreeing to accept the plea bargain, Nemer asked his lawyer about his passport and his right to travel to the United States. Kennedy informed Nemer that because they were getting probation, that his immigration status and right to travel would not be affected. As a businessman, Nemer would travel to the United States at least ten times a year. Having the ability to easily go and come is important for him. With his lawyer's assurances, Nemer accepted the deal. There was no further discussion about his case being a fraud offense, a crime involving moral turpitude, or a crime that would make Nemer inadmissible to receive future visas to visit the United States.

18. Nemer will testify, if given the opportunity, had he known that he would not be able to get immigration papers, and become inadmissible from the United States, he would not have accepted the deal. He would have gone to trial or ask his lawyer to negotiate a crime that would not have affected his ability to get a visa to continue to do business in the United States. Pleading guilty straight up to Count 1 was the same as going to trial and losing.

19. Nemer's constitutional rights were violated for allowing him to proceed without the effective assistance of an attorney who had at least a basic knowledge of immigration law.

20. At the time, no one realized that a time bomb had been set in place. On the day that Nemer was convicted, he had just obtained a ten-year visa from the United States Embassy in Venezuela to freely enter the United States. From 2001 until 2011, he freely entered the United States and never was stopped at the Port of Entry by Customs and Border Patrol. Nemer made over 100 visits during this time. He bought two jets from Beechcraft in Kansas and he paid more than $13,000,000 for those two jets. He visited Las Vegas numerous times and gambled hundreds of thousands of dollars and paid the required taxes on his winnings.

21. When Nemere went to renew his ten-year visa to visit the United States in 2011, the Embassy in Caracas, Venezuela denied his visa. The conviction from Las Vegas was classified as a crime involving moral turpitude. Nemer was told he would need to apply for a waiver before a visa could be issued. The waiver process took over two years to obtain. Nemer hired lawyers in Miami and Washington D.C who took $50,000 from him, but the Miami lawyers or the DC lawyers never filed any paperwork for him. His current lawyer, Don Chairez, filed

a waiver application with the Embassy in Caracas, and after one year of waiting, Nemer was granted a visa, but only for one year.

22. During that one year, Nemer came and did business in Miami where he purchased $7,000,000 worth of condominiums. He also came and visited Las Vegas several times in that one-year period. In May 2014, the one-year visa expired and he went to renew the visa. Normally, this should be a two to three week process, but his visa was denied and he was told he would need to apply for another waiver. Nemer filed the new visa application and for the waiver in September 2014. It took the Embassy four months to interview Nemer, and on February 19, 2015, the Embassy recommended approval of the visa and the waiver. However, the Embassy was not allowed to issue the visa until Customs and Border Patrol would do a world-wide background check on Nemer. Of course, the Nevada conviction would show up and it took CBP eight (8) months to give Nemer clearance to be allowed to travel. This time, he was given a visa for two years.

23. During the last 15 years, Nemer has never been arrested anywhere in the world. This conviction for Possession of Counterfeit Currency is the only stain on his record, and it will continue to hurt him each time he goes to Embassy to obtain a visa. The uncertainty of not knowing "if and when" he will be able to obtain a visa makes it difficult to do business in the United States.

24. Nemer has since discovered that Kirk Kennedy, the lawyer who rushed him through the guilty plea has been disciplined by the State Bar of Nevada. Although, Nemer does not believe he was mistreated by the court or the government, he does believe that his lawyer mislead him about the immigration consequences of his plea, and that Kennedy did not negotiate a good deal for him. Lastly, the court records will show that Nemer's bail of $32,000 was exonerated. Presumably, the Court sent it to Kirk Kenned rather than directly to Venezuela, but the bond money was never returned to Nemer.

25. Nemer has never brought any kind of legal action to challenge the validity of his criminal conviction.

26. Based upon the foregoing, Nemer hereby request this court to allow him to withdraw his guilty plea, and to enter an order vacating the judgment of conviction. Nemer was given a visa a month ago, and made a special trip to Las Vegas to meet with his lawyer about withdrawing his guilty plea.

27. Atef Nemer was born in Swedia, Syria and his father and family left Syria as refugees in the 1950's. His father became a successful businessman in Barinhas, Venezuela, and Atef Nemer went on to multiply by many times the success of his father. Atef Nemer owns seven car dealerships. He has built over 10,000 homes and two large shopping centers in Barinhas. He built and owns the only five star hotel in the State or Province of Barinhas. Despite his financial success, as a

Syrian refugee, he is always given additional scrutiny because of the additional distrust of people from the Middle East.  His conviction in Nevada, makes him inadmissible, but other factors in his background make it risky as to whether a visa will be issued, and whether a waiver of the ground of inadmissibility will be granted.  Because Kennedy did not correctly advise Nemer of the future risk of being inadmissible, Nemer will always suffer prejudice.

27. Nemer could not file this motion earlier, as he has been waiting eighteen months for the right to travel to Las Vegas to be able to review his file and meet with his lawyer in person.  If this Honorable Court grants an evidentiary hearing, Nemer will return from Venezuela to testify to everything that has been alleged in this petition.

Dated:  November 20, 2015              Respectfully submitted,

                                        By: *"s/Don P. Chairez"*
                                              Don P. Chairez, Esq.
                                              Nevada Bar No. 3495